Read, J.
It is a clear principle of law that you can not indict *346 a man for one crime and convict him of an offense wholly different from that laid in the indictment. The allegations and the proof must correspond in criminal as well as in civil cases.
It is a well-settled rule of criminal proceedings that, in all statutory offenses, the indictment must pursue the words of the statute substantially in setting out the offense. With us there is no such thing as common-law crimes. The prisoner was indicted for selling and bartering counterfeit bank notes, under section 29 of the act punishing crimes. The proof shows that he uttered and published them as true and genuine, with intent to defraud, which is an offense punishable under section 22 of the same act. Swan’s Stat. 233.
A majority of the court are very clear in the opinion that an indictment, under section 29, for selling, bartering, etc., will not warrant a conviction of the offense specified in section 22 of the act.
The offenses are certainly not identical, or else the legislature performed a work of supererogation in creating them both. The one embraces the case oí uttering and passing, as true and genuine, spurious and counterfeit paper, knowing it to be such, with intent to defraud. The other is where a person *solls, barters, or disposes of spurious bills, as such, not as true and genuine, and without any intent to defraud. In the latter it was designed to punish a person who kept and sold, or disposed of counterfeit bills, to willing purchasers and receivers, who well understood the character of the articles purchased. One' section punishes the person who vends the counterfeit bills to such as wish to purchase the article. The other punishes him who passes them as genuine money, or bank notes, with intent to defraud. Guilty traffic is the essence of one, but of the other, an intent to defraud.
The words of the statute, describing the offenses, are very different, being in the one, “utter and publish, as true and genuine;'” in the other, “to sell, barter, or in any manner to dispose of;” tho legislature have thus defined different offenses, and in different words.
The rules of criminal pleading require the offense to be set out substantially in the words of the statute. The statute contains a definition of the offense. Now, if under an indictment for one offense, you may convict of a distinct and different offense, ;t would *347 bring us to this legal conclusion : That you could have a common indictment under which a conviction could be had for every variety of offense. But can this conviction be sustained upon the principle that the greater offense includes the less ? It is true that whore, to the same act, the law attaches different degrees of criminality, according to the motives and circumstances under which it was performed, an indictment for the highest degree of criminality will authorize under it a conviction for any less degree. As an indictment for murder in the first degree will sustain a con. viction for murder in the second, or manslaughter, so upon an indictment for an assault with an intent to murder, there may be a conviction for the assault only. But this is not the case where the offenses complained of are distinct.
According to the theory of criminal pleading, no one definition of a crime, in an indictment, can contain two distinct offenses, so as to warrant a conviction for either, any more than *by the lavs of matter, two bodies can occupy the same space at the same time. Judgment reversed.